IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DENNIS HORTON, #1189408 | § | |
| VS. | § | CIVIL ACTION NO. 4:03cv112 |
| TERRY BOX, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Dennis Horton, an inmate previously confined at the Collin County Detention Facility, proceeding *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The sole Defendant remaining in the lawsuit is Dr. Luan Pho. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The Plaintiff alleges that Dr. Pho consciously disregarded his medical condition, which is Hepatitis B and C. After reviewing the pleadings by the parties, the Court scheduled an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on September 13, 2006. Both parties were represented by counsel.

The Plaintiff was booked into the Collin County Detention Facility on January 10, 2003. He remained there until September 25, 2003. He is currently confined in the Texas prison system on a 26 year sentence. He was diagnosed with Hepatitis B and C in 1997. He testified that he had sought treatment for a long time before he arrived at the Collin County Detention Facility.

Freeworld doctors had monitored his ALT levels and would not provide treatment unless his ALT levels exceeded 100 on four out of five tests. He finally started receiving treatment about 45 days before his arrival at the Collin County Detention Facility. The treatment was begun while he was confined at a halfway house in Mineral Wells. The treatment consisted of a combination of Interferon and Ribavirin. Treatment normally lasts for six months. The Plaintiff testified he was told that it was dangerous to stop treatment once it was begun. He stopped taking the drugs after he was released from the halfway house. He attempted to obtain funding in order to continue with his treatment, but he was arrested and placed in the Collin County Detention Facility. He had been off of the drugs for about ten days when he was arrested.

     The intake sheet for the Plano Police Department, dated January 10, 2003, noted that the Plaintiff reported that he had Hepatitis B and C and that he was not taking any medications. The Plaintiff testified that he thought he was going to be scheduled to see a doctor and that he would resume his treatment, but he was not scheduled for an appointment. He testified that he saw Dr. Pho on two occasions. On the first occasion, Dr. Pho told him that he would have to review his medical records before he could do anything. The Plaintiff signed a release. The medical records include a copy of a release, signed by the Plaintiff on February 14, 2003, to be sent to Dr. Boya. The Plaintiff saw Dr. Pho again on March 6, 2003. The Plaintiff denied that he refused treatment on that occasion. He noted that he never signed a refusal of treatment form as required by policy. Dr. Pho told him that he would not receive treatment unless he paid for it. It is noted that a response to a Health Services Request Form, dated February 27, 2003, shows that a nurse told him that he would have to supply his own medication.

The Plaintiff testified that he sought treatment the entire time that he was confined in the Collin County Detention Facility, but he was never given treatment. The Defendant pointed out that none of the seven Health Services Request Forms submitted by the Plaintiff after March 7, 2003, concern Hepatitis. The Plaintiff also complained that Dr. Pho never monitored his condition. The Plaintiff testified that he has not been given treatment since his confinement in the Texas prison system. He has been monitored, but his ALT levels have not reached 100 four out of five times in order to obtain treatment. His last blood test had an ALT of 120. The Plaintiff testified that he has fibrosis and that his side hurts due to his condition. He specified that he is asking for monetary damages for failing to continue the treatment. His attorney further noted that he is asking for injunctive relief.

Dr. Luan Pho testified under oath via telephone. He recalled taking a medical history from the Plaintiff on February 18, 2003. He noted that he did not have the records in front of him to provide a thorough and accurate response. He subsequently saw the Plaintiff again. He evaluated the Plaintiff, who told him that he did not want treatment. Dr. Pho testified that he would have referred the Plaintiff to a specialist if he had wanted treatment. The Plaintiff did not want to pursue treatment because he was not sure how long he would be in the Collin County Detention Facility. He did not recall any discussion about the Plaintiff having to pay for treatment out of his own funds; instead, treatment would have been provided if he qualified. There was no need for the Plaintiff to sign a refusal of treatment form because the meeting was to determine whether he wanted to pursue the possibility of receiving treatment and being sent to a specialist. Dr. Pho testified that he did not recall an entry, dated February 26, 2003, saying that the Plaintiff would have to provide his own medication.

When questioned by the Court, Dr. Pho testified that the meeting on March 6, 2003, ended with the Plaintiff indicating that he did not want to pursue the matter further. The reason for foregoing treatment was that the Plaintiff was unsure how long he would remain in the Collin County Detention Center. Dr. Pho testified that the medical care that was provided was determined by medical personnel. Correctional Medical Services provided the funding. He was paid a flat salary. There was no pay differential based on spending. He testified that he does not know why blood tests were not performed to monitor the Plaintiff's condition. Dr. Pho testified that he did not see a need for emergency treatment; nonetheless, any treatment that would have been provided would have been ordered by a specialist.

## Discussion and Analysis

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). The Fifth Circuit has held that the deliberate indifference standard applies with respect to medical claims by pretrial detainees. *Hare v. City of Corinth*, 74 F.3d 633, 647 (5th Cir. 1996).

In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In the present case, the facts as alleged and developed do not show that the Plaintiff was experiencing an excessive risk to his health that required treatment at the time he had any interaction with Dr. Pho. There is no question that the Plaintiff had Hepatitis B and C at all applicable times. But he has not shown that treatment was required at the time that he met with Dr. Pho. Indeed, he told Plano Police Department officials at intake that he was not taking medication for his condition, and he acknowledged that he discontinued taking the drugs after his release from the halfway house in Mineral Wells. By the time he met with Dr. Pho the second time on March 6, 2003, he had been off of the medication for over two months. Dr. Pho further testified that it did not appear to him that there was a need for emergency treatment. The Plaintiff further acknowledged that prison doctors have monitored him and have not given him treatment because he has not satisfied the protocol for receiving treatment. The facts as alleged and developed do not support an inference of deliberate

5

indifference to a serious medical need.  It is further noted that Dr. Pho understood that the Plaintiff wanted to forego treatment at that time because the Plaintiff was unsure how long he would remain in the Collin County Detention Facility.  Dr. Pho's understanding of the Plaintiff's wishes, coupled with the apparent lack of an emergency, does not support an inference of deliberate indifference.

The lawsuit should be dismissed for a more fundamental reason, which is the lack of harm. "Liability for failing to provide such care attaches if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical need and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000).  The Plaintiff has not shown that he has been injured due to the failure to provide him with treatment.  It is again noted that prison doctors have monitored his condition and have concluded that he does not satisfy the protocol for treatment. It is finally noted that counsel conceded in his opening remarks during the hearing that damages were not appropriate.

Counsel, however, argued that injunctive relief was still available.  His argument was based on the premise that injunctive relief is available when "capable of repetition yet evading review." The Fifth Circuit has noted that the transfer of a prisoner out of an institution often will render claims for injunctive relief moot.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  With respect to an argument of "capable of repetition yet evading review," the Fifth Circuit added that a prisoner must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to the facility or released and reincarcerated there.  *Id.*  The Plaintiff has not satisfied this standard.  Moreover, in light of the Plaintiff's twenty-six year sentence, he does not have a reasonable expectation of being confined again in the Collin County Detention Facility.  He has not shown that he is entitled to any type of injunctive relief.

In conclusion, the Court finds that the facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

**SIGNED this 18th day of September, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE